THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRIA TOTLADZE** <br><br> v. <br><br> **JAMAL L. JAMISON,** *in his official capacity as the Warden of the Philadelphia Federal Detention Center*, et al. | **CIVIL ACTION** <br><br> No. 26-702 |

**Henry, J.**                                                                                                          February 6, 2026

**MEMORANDUM**

Andria Totladze is one of many people who have recently been detained by immigration authorities under the authority of a new decision by the Bureau of Immigration Appeals (BIA). The BIA's interpretation of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225, would permit it to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred. This distinction deprives a detainee like Totladze of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent weeks and months rejecting the BIA's analysis, I grant Totladze's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

   I.   **BACKGROUND**

Mr. Totladze, a citizen of Georgia, entered the United States in April 2024. *See* ECF No. 1 ("Pet.") at ¶¶ 15, 50.  Officials from the Department of Homeland Security admitted him into the United States upon his own recognizance.  *Id.* at ¶ 50.  Mr. Totladze is a derivative on his parent's pending asylum claim, and his parents timely filed his Form I-589, Application for Asylum,

Withholding of Removal and protection under the Convention Against Torture, based on persecution in Georgia. *Id.* at ¶ 52.

On February 3, 2026, Mr. Totladze attended a routine check-in at a U.S. Immigrations and Customs Enforcement ("ICE") Office in Philadelphia when he was arrested. *Id.* at ¶ 51. He is currently detained at the Federal Detention Center in Philadelphia without eligibility for bond. *Id.* at ¶ 55.

Mr. Totladze filed his Petition on February 3, 2026, in which he brings three claims for relief: (I) Violation of the INA; (II) Violation of the Bond Regulations; and (III) Violation of the Fifth Amendment Due Process Clause Unlawful Re-Detention. He seeks an order that he shall not be transferred outside the Eastern District of Pennsylvania while this petition is pending, a declaration that his detention is unlawful, and an order requiring Respondents to release him immediately. The Petition is now fully briefed and ripe for decision.

## II. **DISCUSSION**

I do not proceed from a blank canvas. Instead, as the respondents acknowledge, "[t]he legal question concerning the proper detention authority for certain categories of applications for admission has been considered by numerous courts," of which "[t]he vast majority—including all decisions in this district (more than 150 to date)—have rejected the government's position." *See* ECF No. 2 ("Opp.") at 1-2. The "legal question" resolves into the preliminary issue of jurisdiction followed potentially by arguments on the merits that center on Section 1225, but which may also touch on the Constitution's Due Process Clause as well as immigration regulations.

On December 16, 2025, another Judge of this Court determined that there had been close to 300 decisions considering the issues raised by Petitioner in this case. *Garcia Zamora v. Jamison*, No. 25-6656, 2025 WL 3642088, at *2 (E.D. Pa. Dec. 16, 2025) (Bartle, J.). Further, as stated by

Respondents, this issue has been addressed in more than 150 opinions in this district alone. Opp. at 2-3.  In all this district's cases, as well as almost all the cases nationwide, district courts have found jurisdiction to be proper and proceeded to rule on the merits in favor of the petitioner. *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025).  There is no appellate authority on the matter from the Third Circuit to date.[1]

The parties are entitled to the giving of reasons, but I must balance the depth of my composition against the fact that I have little new to say, and Mr. Totladze is suffering an ongoing detention which I have determined to be unlawful. I therefore rely more than other times for the expression of my reasoning on the explanations already set out by my colleagues.

The respondents first object to the Court's jurisdiction. They raise three paragraphs of the INA: 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). In short order: Section 1252(g) is inapposite, since Mr. Totladze does not attempt by this petition to address the commencement, adjudication, or execution of removal orders and their proceedings. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (applying jurisdiction stripping "only to [these] three discrete actions"). Section 1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (cleaned up). Finally, the respondents' statutory detention power is "not a matter of discretion" to which § 1252(a)(2)(B)(ii) applies. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Turning to the merits, the first question is whether Mr. Totladze is properly detained under the mandatory detention provisions in 8 U.S.C. § 1225. According to respondents, Mr. Totladze's

---

[1] BIA is an appellate court, but not a part of the judiciary. Although it decides appeals taken from immigration courts, it does not decide appeals taken from United States district courts like the 288 compiled in the *Demirel* appendix.

detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Mr. Totladze was an "applicant for admission" in this section although he had already been in the United States for nearly two years at the time he was detained. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Mr. Totladze sought to be admitted to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025). It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant for admission*." *Demirel*, 2025 WL 3218243, at *4. It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243, at * 4 (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Hurtado*, 29 I&N Dec. at 222 (offering alternative textual analysis). I thus hold that Mr. Totladze is not being detained pursuant to 8 U.S.C. § 1225 but rather, as he posits, he is being detained pursuant to 8 U.S.C. § 1226, which "applies to aliens already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

When an individual is detained pursuant to 8 U.S.C. § 1226, due process rights are implicated. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent."). I echo Judge Wolson's analysis of due process in near identical circumstances in finding that Mr. Totladze's detention pursuant to 8 U.S.C. § 1226 without a bond hearing is unconstitutional. *See Kashranov*, 2025 WL 3188399, at *13 (holding that the *Mathews v. Eldridge* factors indicate that due process compels a pre-deprivation bond hearing for a Section 1226

detainee). Because I find the due process arguments sufficient to hold his present detention unlawful, I need not reach statutory or regulatory arguments.

### III. **CONCLUSION**

For the reasons given above, Mr. Totladze's present detention is unlawful. I will issue an order granting him a bond hearing upon any future detention under § 1226.