THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRIA TOTLADZE** | **CIVIL ACTION** |
| **v.** | |
| **JAMAL L. JAMISON,** *et al.* | **No. 26-702** |

## ORDER

**AND NOW**, this 6th day of February, 2026, upon consideration of the Petition for a Writ of Habeas Corpus and the answer and response thereto, it is hereby **ORDERED**:

1. The petition (ECF No. 1) is **GRANTED** for the reasons in the accompanying memorandum.

2. Totladze is not subject to mandatory detention under 8 U.S.C. § 1225 and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3. The respondents shall immediately **RELEASE** Totladze from custody.

4. The respondents shall certify compliance with this Memorandum and Order by a filing on the docket by February 10, 2026 regarding Totladze's custody status.

5. Respondents are **ENJOINED** for a period of seven days following Totladze's release from custody pursuant to this order from detaining Totladze on the putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[1]

6. If the government seeks to detain Totladze after the period of seven days has elapsed, it must provide him with a bond hearing within 48 hours of his detention.

---

[1] If Totladze is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

BY THE COURT:

*/s/ Catherine Henry*

**CATHERINE HENRY, J.**